UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tatiana Hamilton,<br><br>                       Plaintiff,<br><br>        v.<br><br>Trincon Residential, et al.,<br><br>                       Defendants. | Case No. 2:25-cv-02504-GMN-BNW<br><br>**ORDER and REPORT AND RECOMMENDATION** |

Pro se plaintiff Tatiana Hamilton brings this lawsuit regarding her inability to file documents with the Clark County Recorder Office. She filed a motion to proceed *in forma pauperis* and submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. ECF No.1. Therefore, her request to *proceed in forma pauperis* will be granted. This Court now screens her complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.     ANALYSIS**

    **A.     Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1    his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
2    2014) (*quoting Iqbal*, 556 U.S. at 678).

3          In considering whether the complaint is sufficient to state a claim, all allegations of
4    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
9    Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
10   plaintiff should be given leave to amend the complaint with notice regarding the complaint's
11   deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12       **B.**    **Screening the complaint**

13         Plaintiff alleges that the Clark County Recorder Office has rejected her trust documents.
14   As a result, she claims the Recorder Office has not fulfilled her ministerial duties as provided in
15   Matthews 5:25 ("Settle matters quickly with your adversary who is taking you to court."). She
16   also alleges some wrongdoing on the part of Defendant Tricon (although the allegations are
17   unclear). The asserted claims are "the right of redemption," and "NRS 247.145."

18         Even liberally construing the complaint, the court finds Plaintiff cannot not state a claim
19   for which relief can be granted—at least not in federal court. As to the first claim, "the right of
20   redemption," is not a recognized cause of action. As to the second claim, NRS 2476.145, it is not
21   clear how the statute was violated. In any event, this Court would not have juris action over that
22   claim. "Federal district courts are courts of limited jurisdiction, possessing only that power
23   authorized by Constitution and statute."  *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d
24   1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction
25   of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.
26   § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases
27   "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is
28   between "citizens of different States." 28 U.S.C. § 1332(a). Here, neither cause of action (1)

arises under "the Constitution, laws, or treaties of the United States," or (2) meets the amount in controversy requirement for diversity jurisdiction.

## II.    CONCLUSION AND RECOMMENDATION

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 19, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE