**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TATIANA HAMILTON,

                Plaintiff,

    vs.

TRICON RESIDENTIAL, *et al.*,

            Defendants.

Case No.: 2:25-cv-02504-GMN-BNW

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 3), from United States Magistrate Brenda N. Weksler, which recommends that Plaintiff Tatiana Hamilton's Complaint be dismissed with prejudice.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's R&R where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed. (*See* R&R, ECF No. 3) (setting a January 2, 2026, deadline for objections). Plaintiff only filed a Motion to

1  Conceal Case, (ECF No. 5), which the Court construes as a Motion to Seal the case.[1]  Plaintiff

2  moves the Court to conceal the case from all public platforms because the case is a "private

3  equity matter" and Plaintiff does not "consent[] to any civil or federal jurisdiction." (Mot.

4  Conceal 2:9–12, ECF No. 5).  Plaintiff fails to provide any authority for her motion, which

5  alone is fatal to her request. LR 7-2(d) ("The failure of a moving party to file points and

6  authorities in support of the motion constitutes a consent to the denial of the motion.").  But

7  beyond this deficiency, Plaintiff does not overcome the First Amendment right of public access

8  to the case docket because (1) court's dockets have historically been open to the press and

9  general public; and (2) public access plays a positive role in the function of preserving case

10  records. *See United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017).  Plaintiff does not

11  overcome this right because the remedy of sealing the entire docket is not narrowly tailored to

12  achieving the goal of protecting information related to a "private equity matter."  Moreover,

13  Plaintiff consented to the Court's jurisdiction when she filed her Complaint, s*ee S.E.C. v. Ross*,

14  504 F.3d 1130, 1149 (9th Cir. 2007), so this does not form a basis to seal the entire docket.

15        Accordingly,

16        **IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 3), is

17  **ACCEPTED and ADOPTED** in full.

18        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Conceal the Case, (ECF No.

19  5), is **DENIED**.

20        **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** with

21  prejudice.

22  ///

23  ///

24  ///

25

---

[1] Nothing in the Motion to Conceal can be construed as an objection to the R&R.

1    The Clerk of Court is kindly directed to close the case.

2    Dated this ___8__ day of January, 2026.

3                                                    _____

4                                                    Gloria M. Navarro, District Judge
                                                     United States District Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25